IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY BARNHART,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>THE TRAVELERS HOME AND MARINE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case 2:19-cv-00523<br><br>MOTION TO DISMISS |

Defendant, The Travelers Home and Marine Insurance Company ("Defendant"), respectfully moves this Court for an order dismissing Plaintiff's Complaint. The grounds for this Motion are set forth in Defendant's supporting Memorandum of Law, filed herewith, and summarized as follows:

According to Plaintiff, Defendant improperly denied uninsured/underinsured motorist ("UM/UIM") coverage based on a regular use exclusion, which Plaintiff claims resulted in a *de facto* waiver of UM/UIM coverage in contravention of Section 1731 of the MVFRL. This case, however, is controlled by *Williams v. GEICO Gov't Employees Ins. Co.,* 32 A.3d 1195 (2011), where the Pennsylvania Supreme Court upheld a regular use exclusion, ruling it did not violate Section 1731 where, as here, the defendant did not issue the insurance policy on the vehicle involved in the accident and collected no premiums for that vehicle.

*Gallagher v. GEICO Indem. Co.*, 201 A.3d 131 (Pa. 2019), on which Plaintiff relies, is not to the contrary. Unlike here and in *Williams,* the defendant insurer in *Gallagher*, GEICO,

issued two separate policies -- a motorcycle policy and an automobile policy -- to Gallagher. Gallagher paid a premium on both policies, including for the ability to stack UM/UIM coverage. *Gallagher* held the household exclusion at issue in that case violated Section 1738 of the MVFRL, requiring stacking of UM/UIM coverage absent a written waiver of stacking. The *Gallagher* Court reasoned that, because GEICO had issued both Gallagher's motorcycle and auto policies and unilaterally placed the vehicles on separate policies, GEICO clearly knew of the risk posed by Gallagher's motorcycle. Moreover, Gallagher had paid for stacking on both policies. Accordingly, the Court held that the application of the "household exclusion" under those circumstances resulted in a *de facto* waiver of stacked UM/UIM coverage without the statutorily-required waiver, and concluded the exclusion was unenforceable.

As demonstrated in detail in the accompanying Memorandum of Law, this case is nothing like *Gallagher,* which did not address the regular use exclusion on which Plaintiff relies or the circumstances of Plaintiff's case -- *i.e.,* where the Defendant issued only one policy, was not aware of the risk for which Plaintiff is demanding UM/UIM coverage benefits, and did not collect any premium for that risk. *Gallagher* simply does not apply, there was no *de facto* waiver of UM/UIM coverage here, and Defendant properly denied Plaintiff's claim for UM/UIM coverage under the regular use exclusion. Indeed, that result is squarely mandated by *Williams*, which was not overruled in *Gallagher*.

WHEREFORE, Defendant respectfully requests this Court to enter an order dismissing Plaintiff's Complaint with prejudice and without leave to amend.

                                            Respectfully submitted,

                                            **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

DATE: May 10, 2019          By: *s/Brooks R. Foland*
                                            Brooks R. Foland, Esquire
                                            Attorney ID# 70102
                                            100 Corporate Center Drive, Suite 201
                                            Camp Hill, PA 17011
                                            Ph. 717-651-3714
                                            Fax 717-651-3707
                                            Email: brfoland@mdwcg.com
                                            *Attorney for Defendant*

## CERTIFICATE OF SERVICE

      I, Brooks R. Foland, Esquire, of Marshall Dennehey Warner Coleman & Goggin, do hereby certify that on this 10th day of May, 2019, I served a copy of the foregoing document via Electronic Court Filing (ECF), as follows:

William M. Martin, Esquire
William M. Radcliffe, Esquire
Radcliffe Law, LLC
648 Morgantown Road, Suite B
Uniontown, PA 15401
Email: wmm@radlaw.net
*Attorney for Plaintiff*

                                                      *s/Brooks R. Foland*
                                                      Brooks R. Foland