# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY BARNHART,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE TRAVELERS HOME AND MARINE INSURANCE COMPANY,<br><br>　　　　　　　　Defendant | CASE NO. 19-cv-00523-DSC<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS** |

Plaintiff's Response completely ignores the dispositive distinctions between this case and the sole case upon which she relies, *Gallagher v. GEICO,* 201 A.2d 131 (Pa. 2019). Specifically, Plaintiff cannot avoid that: 1. *Gallagher* applied to a different exclusion and statutory provision than those at issue here; and 2. by its clear reasoning, *Gallagher* applies only to situations where, unlike here, the same insurer issues both applicable policies. Since *Gallagher* is inapposite, the controlling law in this case is the Pennsylvania Supreme Court's decision in *Williams v. GEICO Gov't Employees Ins. Co.,* 32 A.3d 1195 (2011), which expressly upheld the very exclusion Plaintiff challenges.

Plaintiff has no meaningful response to the showing in Defendant's Opening Brief (ECF 3, at pp. 5-6) that *Williams*, unlike *Gallagher,* actually addressed whether a regular use exclusion, such as the one here, conflicted with Section 1731 -- the same MVFRL provision upon which Plaintiff relies -- and upheld this exclusion. 32 A.2d at 1208-09. In *Williams,* as here, the plaintiff claimed a regular use exclusion was contrary to Section 1731 because it resulted in

denial of UIM coverage without a proper waiver. In *Williams,* as here, the defendant insurer issued only the insured's automobile policy and did not issue or collect premiums for the policy on the other vehicle involved in the accident. In *Williams,* the vehicle involved in the accident was an unknown risk, and here too the Complaint does not allege Defendant was even aware of the motorcycle on which Plaintiff was riding when she was injured.

Plaintiff's argument boils down to her assertion that *Gallagher* is the more recent case, and that *Williams* is inconsistent with *Gallagher.* Not surprisingly, Plaintiff fails to point to any language in *Gallagher* -- because there is none -- which purports to overrule *Williams*, even though, as Plaintiff points out, *Gallagher* did expressly overrule other cases (all involving household exclusions). Had the *Gallagher* Court intended to overrule *Williams,* it would have said so, but it did not. *Williams* thus remains good law, and this case is controlled by *Williams*, not *Gallagher*.

Plaintiff fails to come to grips with the material differences between this case and *Gallagher.* According to Plaintiff (Pl. Brf. p. 5), the facts of this case are "identical" to those in *Gallagher,* except that here the Plaintiff is not being deprived of stacked UIM coverage but rather the ability to recover UIM benefits in the first instance due to the regular use exclusion. Plaintiff is wrong.

*Gallagher* involved a household vehicle exclusion, *not* a regular use exclusion, and the Plaintiff motorcyclist sued his insurer, GEICO, to recover stacked UIM benefits under his motorcycle and automobile policies, both of which were issued by GEICO. GEICO paid the $50,000 UIM limit under the motorcycle policy, but denied UIM coverage under the automobile policy based on a household vehicle exclusion. 201 A.2d *Id.* at 133. Because Gallagher suffered

2

bodily injury while occupying his motorcycle, which was not insured under the automobile policy, GEICO took the position that the household vehicle exclusion precluded Gallagher from receiving stacked UIM coverage under that policy.

The Court agreed with the plaintiff that the household exclusion (not the regular use exclusion at issue here) impermissibly acted as a *de facto* waiver of stacked UM/UIM coverage under Section 1738 of the MVFRL (not Section 1731 of the MVFRL, which is the provision at issue here). In so ruling, the Court emphasized Gallagher's argument that "GEICO was depriving him of the stacked UIM coverage for which he paid. Gallagher highlighted that GEICO was well aware that he had not waived stacked coverage on either of his policies and that he had paid increased premiums for that coverage; yet, GEICO refused to honor his claim for stacked UIM coverage, rendering that coverage illusory." *Id.* at 133. The Court agreed that the household exclusion was, in these circumstances, contrary to Section 1738, stating:

> This policy provision, buried in an amendment, is inconsistent with the unambiguous requirements of Section 1738 of the MVFRL under the facts of this case insomuch as it acts as a *de facto* waiver of stacked UIM coverage provided for in the MVFRL, despite the indisputable reality that Gallagher did not sign the statutorily-prescribed UIM coverage waiver form. Instead, Gallagher decided to purchase stacked UM/UIM coverage under both of his policies, and he paid GEICO premiums commensurate with that decision. He simply never chose to waive formally stacking as is plainly required by the MVFRL.

*Id.* at 138 (citation omitted).

Plaintiff fails to recognize the key points in *Gallagher* -- *i.e.,* unlike here, because GEICO had issued both Gallagher's automobile and motorcycle policies and unilaterally placed them on separate policies, GEICO clearly knew of the risk posed by Gallagher's motorcycle, and that since Gallagher had paid for stacking on both policies he was entitled to the benefit of his

3

bargain. Under these specific circumstances, application of the household exclusion resulted in a *de facto* waiver of stacked coverage without the statutorily-required express waiver.

Nothing like that happened here. Unlike GEICO, Defendant did not issue both the auto and motorcycle policy, Plaintiff, unlike Gallagher, is not seeking to stack UIM benefits under two policies issued by the same insurer to the same named insured, and, unlike GEICO, Defendant is not alleged to have been aware of the motorcycle involved in the relevant accident. Plaintiff argues the *Gallagher* Court's rationale on this point was mere dicta, but the Court's precise language, which Plaintiff fails to discuss, merits repeating:

> Often in these cases, an insurer contends that it should not have to provide stacked coverage when an insured purchases UM/UIM coverage on his motorcycle in Policy A, and then purchases UM/UIM coverage on passenger cars in Policy B. *The obvious argument is that the insurer of the passenger cars is unaware of the potentiality of stacking between the car policy and the motorcycle policy. Here, however, GEICO was aware of this reality, as it sold both of the policies to Gallagher and collected premiums for stacked coverage from him.* To the extent that GEICO's premium would be higher on an automobile policy because of stacking with a motorcycle policy, all GEICO has to do is quote and collect a higher premium. There simply is no reason that insurers cannot comply with the Legislature's explicit directive to offer stacked UM/UIM coverage on multiple insurance policies absent a knowing Section 1738 waiver and still be fairly compensated for coverages offered and purchased.

*Id.* at 138 (emphasis added).

Far from being mere dicta, the *Gallagher* Court's emphasis of GEICO's knowledge of the potential for stacking between the two policies, since it sold both policies to the same named insured and collected premiums for stacked coverage from him, was crucial to its holding, and leaves no doubt that *Gallagher* has no bearing here. *Gallagher* simply does not apply where, as here, the insurer issued only the auto policy to the named insureds and collected premiums only

4

for that policy, and the subject motorcycle policy was issued by a different carrier. Nothing in *Gallagher* even remotely suggests that its ruling would apply where two different insurers issued the motorcycle and auto policies. Indeed, if this were its intention, the *Gallagher* Court certainly would not have stressed that the reason GEICO could not enforce its household exclusion was that GEICO was aware of the potential for stacking between the auto and motorcycle policies since it sold both policies and collected premiums for stacked coverage from the same insured. Here, unlike in *Gallagher,* Defendant did not insure both vehicles, and Plaintiff does not allege, or even try to argue in her Response, that Defendant had reason to know of the motorcycle or that it collected premiums for UM/UIM coverage on that vehicle. *Gallagher* is thus inapposite to this case.

That *Gallagher* is limited to its specific facts was also confirmed in a recent decision by Judge Kearney. *See Butta v. GEICO Cas. Co.,* No. 19cv675, 2019 WL 1756019, *6-7 (E.D. Pa. Apr. 19, 2019). There, the court construed *Gallagher* as addressing only two narrow issues: (1) whether the household vehicle exclusion violates Section 1738 "*where GEICO issued all household policies and unilaterally decided to issue two separate policies*, when the insured desired stacking, elected stacking, paid additional premiums for stacking and never knowingly waived stacking of underinsured motorist benefits"; and (2) Whether the household vehicle exclusion impermissibly narrows or conflicts with the MVFRL "and the evidence of record is that *GEICO was fully aware of the risks of insuring a motorcycle in the same household as other family vehicles but unilaterally decided to write a separate motorcycle policy*?"). Neither of these narrow issues is present here.

Plaintiff also fails to address Defendant's point (Opening Brief, p. 12) that *Gallagher* dealt only with whether a household exclusion conflicted with Section 1738 of the MVFRL, mandating stacking of UM/UIM coverage absent a waiver. Here, Plaintiff's Complaint does not refer to Section 1738 at all, but instead alleges Defendant's exclusion conflicts with Section 1731 of the MVFRL. Extending *Gallagher*'s holding to Section 1731, particularly where the auto insurer did not issue the policy covering the motorcycle or know of the motorcycle, would call into question the validity of any and all UM/UIM exclusions. Plaintiff's theory that the regular use exclusion results in a *de facto* waiver of UM/UIM coverage would extend to *all* instances where the insurer otherwise validly denies UM/UIM coverage based on an exclusion. As noted in Defendant's Opening Brief (at pp. 12-13), the dissenting justice in *Gallagher* voiced this very concern, and the *Gallagher* majority dismissed it, stating the issue was not before the Court and that the Court was offering "no opinion or comment on the enforceability of any other exclusion to UM or UIM coverage." *Gallagher,* 201 A.3d at 139 n. 8.

So, the *Gallagher* Court majority expressly stated that case did *not* address whether any other exclusion, including the regular use exclusion at issue here, was enforceable. Accordingly, *Gallagher* simply cannot be used as precedent in this matter. But the *Williams* Court *did* address whether a regular use exclusion such as that here conflicted with Section 1731 and specifically held it did not. *Williams* therefore represents the controlling law, and mandates dismissal of Plaintiff's Complaint.

## CONCLUSION

For all the foregoing reasons, as well as those set forth in its Opening Brief, Defendant, The Travelers Home and Marine Insurance Company, respectfully requests this Court to enter an order dismissing Plaintiff's Complaint with prejudice and without leave to amend.

Dated:  June 14, 2019         Respectfully submitted,

By: *s/Brooks R. Foland*

MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
Brooks R. Foland, Esquire
Attorney ID# 70102
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011
Ph. 717-651-3714
Fax 717-651-3707
Email: brfoland@mdwcg.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I, Brooks R. Foland, Esquire, of Marshall Dennehey Warner Coleman & Goggin, do hereby certify that on this 14th day of June, 2019, I served a copy of the foregoing document via Electronic Court Filing (ECF), as follows:

William M. Martin, Esquire
William M. Radcliffe, Esquire
Radcliffe Law, LLC
648 Morgantown Road, Suite B
Uniontown, PA 15401
Email: wmm@radlaw.net
*Attorney for Plaintiff*

*s/Brooks R. Foland*
Brooks R. Foland