IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

MARY BARNHART, )
)
Plaintiff, )  2:19-CV-00523-MJH
)
vs. )
)
THE TRAVELERS HOME AND MARINE )
INSURANCE COMPANY, )
)
Defendant,

OPINION AND ORDER

Plaintiff, Mary Barnhart ("Barnhart"), brings the within action against Defendant, The Travelers Home and Marine Insurance Company ("Travelers"), for Declaratory Relief (Count I), Assumpsit (Count II), and Class Action Allegations (Count III), because Travelers denied Underinsured Motorists ("UIM") Benefits based upon a "regular use exclusion" in its policy. Travelers moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The parties provided briefs (ECF Nos. 3, 16, and 17), argued before the Court, and the matter is now ripe for decision.

For the following reasons, Traveler's Motion to Dismiss will be granted.

I. **Background**

On July 15, 2015, Barnhart was injured while a passenger on a motorcycle operated by her husband, William Barnhart. (ECF No. 1-2 at ¶ 4). William Barnhart owned the motorcycle and insured it through Progressive Insurance Company. *Id.* at p. 27.[1] Barnhart recovered the liability limits against the tortfeasor's liability policy. *Id.* at ¶¶ 5-6. Barnhart avers that her

---

[1] While plaintiff makes no averments as to the ownership and insurance information on the motorcycle policy, said information is derived from correspondence attached to the Complaint and confirmed through the arguments of counsel.

injuries and damages exceeded the liability limits of the tortfeasor's policy, thus she is entitled to UIM benefits under her Travelers's automobile policy. *Id.* at ¶ 7. She submitted an underinsured (UIM) claim under the policy that she and her husband had purchased from Travelers to cover two automobiles. *Id.* at ¶¶ 5-6 and p. 14. On March 15, 2019, Travelers denied Barnhart's claim for UIM Benefits based upon the "regular use exclusion" contained within the Barnhart's policy. *Id.* at ¶ 8. The Traveler's policy excludes UIM Coverage for bodily injury as follows:

> [Travelers does] not provide Uninsured Motorists Coverage or Underinsured Motorists Coverage for "bodily injury" sustained:
>
> 1. By you while "occupying" or when struck by, any motor vehicle you own or that is furnished or available for your regular use which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

(ECF No. 1-2 at p. 18). Barnhart's Complaint avers that the "regular use exclusion" is unenforceable pursuant to the Pennsylvania Supreme Court's recent ruling in *Gallagher v. GEICO*, 201 A.3d 131 (Pa. 2019).

## II. Standard of Review

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

## III. Discussion

At the time of oral argument, the parties agreed that the disposition of the defense's Motion to Dismiss depends on whether this Court expands the holding in *Gallagher v. GEICO*, 201 A.3d 131 (Pa. 2019), which held that a "household exclusion" in an automobile insurance policy to preclude stacking of underinsured coverage is unenforceable to defeat an underinsured insurance claim. Barnhart asks this Court to hold that a "regular use exclusion" in her automobile insurance policy to preclude underinsured coverage is also unenforceable based upon the Pennsylvania Supreme Court's reasoning in *Gallagher*. Barnhart does not dispute that she cannot recover UIM benefits if the "regular use exclusion" is enforceable. Travelers contends that the Pennsylvania Supreme Court's holding in *Gallagher* is distinguishable because the issue in *Gallagher* concerned a household exclusion as applied to a waiver of stacked coverage. The present case concerns a "regular use exclusion" as applied to a waiver of UM/UIM benefits. Travelers argues that *Gallagher* is distinguishable and that the Pennsylvania Supreme Court case of *Williams v. GEICO Gov't Employees Ins. Co.*, 32 A.3d 1195 (Pa. 2011) controls in the present case. Travelers also argues that neither *Gallagher* nor any other Pennsylvania Supreme Court case has overturned the Pennsylvania Supreme Court's holding in *Williams*. The *Williams* case upheld the enforceability of the "regular use exclusion" to preclude coverage for an underinsured motorist claim.

In *Gallagher*, the Pennsylvania Supreme Court held that a motor vehicle insurance policy's "household vehicle exclusion," as applied to preclude stacking of underinsured motorist benefits, violates the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), specifically Section 1738. *Gallagher*, 201 A.3d at 131. In *Gallagher*, Brian Gallagher purchased two separate policies from GEICO—one for his motorcycle and one for his

4

automobile. Mr. Gallagher "opted and paid for stacked UM and UIM coverage when purchasing both policies." *Id.* at 133. Mr. Gallagher was injured when another vehicle struck his motorcycle. *Id.* Because the tortfeasor was underinsured, he sought UIM stacked coverage under his motorcycle policy and automobile policy. *Id.* GEICO paid Gallagher's UIM claim under his motorcycle policy, but GEICO denied the UIM claim for the UIM coverage under his automobile policy. GEICO denied the automobile policy UIM claim because of the policy's household vehicle exception, which "precluded Gallagher from receiving stacked UIM coverage pursuant to that policy." *Id.*[2]

After evaluating the language of the MVFRL, the Pennsylvania Supreme Court in *Gallagher* concluded that under Subsection 1738(a), "stacked UM/UIM coverage is the default coverage available to every insured," and it can only be waived if the statutorily prescribed waiver form has been signed. *Id.* at 137. Further, the Court held that the household vehicle exception in Gallagher's policy,

> buried in an amendment, is inconsistent with the unambiguous requirements of Section 1738 of the MVFRL under the facts of this case inasmuch as it acts as a de facto waiver of stacked UIM coverage provided for in the MVFRL, despite the indisputable reality that Gallagher did not sign the statutorily prescribed UIM coverage waiver form.

*Id.* at 138. The Court also noted that, in *Gallagher* "GEICO was aware of this reality, as it sold both of the policies to Gallagher and collected premiums for stacked coverage from him." *Id.* The majority further remarked on the narrow scope of its holding:

> As in every case, we are deciding the discrete issue before the Court and holding that the household vehicle exclusion is unenforceable because it violates the MVFRL. Unlike the Dissent, we offer no opinion or comment on the

---

[2] The household exclusion exception stated: "This coverage does not apply to bodily injury while occupying or from being struck by a vehicle owned or leased by you or a relative that is not insured for [UIM] [c]overage under the policy." *Gallagher v. GEICO Indem. Co.*, No. 352 WDA 2016, 2017 WL 394337, at *1 (Pa. Super. Ct. Jan. 27, 2017)

5

enforceability of any other exclusion to UM or UIM coverage or to coverage in general, including exclusions relating to racing and other inherently dangerous activities. Dissenting Opinion 141-42. If, at some later date, the Court is presented with issues regarding the validity of other UM or UIM exclusions, then we will address them at that time. Our focus here is narrow, regardless of the Dissent's lament to the contrary.

*Id.* at 139, n. 8.

As regards Travelers's assertion that the *Williams v. Geico* case controls in this case, said case involved denial of UIM coverage based upon the "regular use exclusion." The insured in *Williams* was a state trooper who was injured while he was driving in his patrol car. He filed a UIM claim with GEICO under his personal automobile insurance policy. GEICO denied UIM coverage based upon the "regular use exclusion" under the trooper's personal automobile insurance policy. The trooper argued that the "regular use exclusion" was void as against public policy, and/or in conflict with pertinent provisions of the MVFRL. The parties specifically argued the issue of whether the regular use exclusion violated 75 Pa.C.S. § 1731, subsections (c) and (c.1). *Williams*, 32 A.3d at 1207. Those subsections require the insurer to obtain written and signed waivers of UIM coverage from the insured on the statutorily prescribed form. *See* 75 Pa.C.S. § 1731. The trooper argued that the "regular use exclusion" violated the statutory waiver procedures and effectively eliminated the mandatory statutory UIM coverage unless the insured signed the waiver form prescribed by section 1731. *Williams*, 32 A.3d at 1207. In *Williams*, the Pennsylvania Supreme Court upheld the "regular use exclusion" stating:

> The regular-use exclusion as applied here is neither an implicit waiver of coverage nor an improper limitation on the statutorily mandated coverage. Rather, it functions as a reasonable preclusion of coverage of the unknown risks associated with operating a regularly used, non-owned vehicle…[T]he regular-use exclusion is not void as against public policy. A contrary decision is untenable, as it would require insurers to compensate for risks they have not agreed to insure, and for which premiums have not been collected.

6

*Id.* at 1208-1209. The distinction between the *Gallagher* and *Williams* cases rests, in part, on the insurance carriers' awareness of the risks that they agreed to insure. In *Gallagher*, GEICO knew of the risks, as it insured both the motorcycle and automobile, albeit under separate policies, and GEICO charged its insured for stacked coverage on both policies, and then GEICO denied stacked UIM coverage. In *Williams*, GEICO did not know or have reason to know about any other vehicles the insured would drive or occupy; it did not charge for UIM coverage for any such other unknown additional vehicles. As such, its denial of UIM benefits to the state trooper claimant, based upon the regular use exclusion, was proper.

In addition, the *Gallagher* and *Williams* cases addressed two different statutory sections within the MVFRL, stacking (75 Pa.C.S. § 1738) in *Gallagher*, and UM/UIM coverage (75 Pa.C.S. § 1731) in *Williams*. Under both sections, an insured must affirmatively sign a statutory waiver form in order to reject stacked coverage under Section 1738 or UM/UIM coverage under Section 1731. Barnhart asserts that the statutory sections are without distinction; and thus, *Gallagher* should be extended to hold that excluding UM/UIM coverage, by virtue of the "regular use exclusion" without a signed written rejection form is unenforceable. However, as the Pennsylvania Supreme Court observed in *Gallagher*, the *Gallagher* claimant could *never* recover stacked benefits, for which he had paid premiums because he would always be barred by the household exclusion. Therefore, said exclusion acted as a de facto waiver of coverage without the required waiver procedures prescribed by Section 1738. Whereas in *Williams*, UM/UIM benefits were available, if not rejected on statutory forms, for all vehicles that were insured for said coverage. Premium calculations for said coverages were based upon numbers and types of vehicles insured. Therefore, according to the *Williams* holding, such exclusion was valid and enforceable.

Presently, the facts of this case align with the *Williams* decision, because Barnhart's claim for UIM coverage and benefits from her accident falls within the "regular use exclusion" of her automobile insurance policy. Unlike *Gallagher*, Barnhart seeks UIM coverage for her injuries from a regularly used vehicle for which she paid no additional UM/UIM premiums to Travelers. Further, unlike *Gallagher*, Barnhart's motorcycle was insured by a different carrier from Barnhart's automobile insurer, Travelers. Travelers had no notice that its insured, Barnhart, would be operating or occupying a motorcycle. Had it known, Travelers could have adjusted its UIM coverage premiums to account for the additional risk to insure for UIM coverage for the motorcycle that Barnhart regularly used. Thus, the Pennsylvania Supreme Court's analysis in *Williams*, regarding the enforceability of the "regular use exclusion," controls in this case. Finally, while *Gallagher* explicitly overturned a line of decisions concerning the validity of the household exclusion, as applied to Section 1738, stacking of benefits in automobile policies, the Pennsylvania Supreme Court did not overturn *Williams* or any other line of regular use exclusion cases[3] as applied to Section 1731 UM/UIM coverage and claims. Therefore, *Gallagher*'s holding does not extend to invalidate the "regular use exclusion" or to overturn *Williams* as the controlling precedent for this case. Barnhart's argument, against enforceability of the "regular use exclusion," cannot be supported as a matter of law. Traveler's Motion to Dismiss will be granted. Because the disposition of the issue depends upon questions of law, any amendment is deemed futile.

---

[3] The Pennsylvania Supreme Court has continued to cite *Williams* in other decisions regarding exclusions under the MVFRL. *Safe Auto Ins. Co. v. Oriental-Guillermo*,--A.3d --, 2019 WL 3933568 (Pa. Aug. 20, 2019) (unlisted resident driver exclusion did not contravene MVFRL or public policy).

ORDER

And Now, this 28th of October 2019, after consideration of Barnhart's Complaint, Travelers's Motion to Dismiss, the parties' respective briefs (ECF Nos. 3, 16, and 17), and arguments, Travelers's Motion to Dismiss is granted. Any amendment is deemed futile. Therefore, Plaintiff's Complaint is dismissed.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge